Good morning. If it pleases the court, my name is Rex Butler. I'm here on behalf of Donald Gillion. And I'd really like to argue two points to the court this morning. And one is that the SIS conviction that was set aside on the assault should not be counted in the criminal history points. Because the SIS I submit to the court under Alaska law is one that once it occurs, there is very little that can be done with the facts. The fact that at some point there was a conviction. The conviction cannot be reopened. It cannot be turned around. It cannot be changed in any way. It does not count as a prior conviction. The limited purpose for which it can be used is to show that previously you've basically had a bite of the apple. That's basically what we submit to you is the limit of which it can be used for. And in that regard, we ask you to make a finding that it is such that it should not be counted as a prior for purposes of a point as used in this case against Mr. Gillion. Now, the other point that I submit to you is as it relates to the marijuana conviction, the marijuana charge. Under Alaska law, unique as it is, as it regards comparison to many other states, it is legal to possess the amount of marijuana that Mr. Gillion possessed. What turns it into a crime, of course, is literally walking out of your house with it. In your home, it's legal to possess that amount, but once you walk out of your house, you're subject to a prosecution for possession of that marijuana, such as occurred in this case with Mr. Gillion. Well, I mean, in terms of federal law, is there any immunity? If you don't walk out of the house, are you immune from prosecution under federal law? Judge, as far as I know, you are not. I mean, our problem here is that the federal law and state law on this subject are very different, and Alaska may be at the edge, but our courts encountered that before in other circumstances, and it seems to me the Supreme Court has spoken pretty clearly to say, at least in federal court, it's federal law that prevails. So why should we disregard what would be something unlawful under federal law simply because the state of Alaska has chosen to take a different course? Well, Judge, our position on that is that when it comes down to the fact the person living in Alaska is aware that under Alaska law, it is not a crime to possess this in my home. In fact, it's a right that essentially is enshrined in the way that our courts, our appellate courts, have interpreted the state constitution. And for a person to simply walk out of their house with it, well, to have it and to say, well, yes, it is under federal law, it would be against the law for me to have this in the privacy of my home. And certainly, if I step out of the house with it, it becomes a violation of, a minimal violation of state law, a class B misdemeanor. But we submit to the court that notwithstanding the circumstances, if we look at the circumstances overall, the fact that it is legal in Alaska and simply how it becomes illegal just simply walking out of your house with it, that it should be seen as analogous to the types of offenses that do not get counted when criminal history points are counted. Like public intoxication? That's what we compared it to in our briefing, yes, Your Honor. The problem I have with that argument is the Martinez case. And I did read the Martinez case, Your Honor. But again, I think that even notwithstanding Martinez, when you're dealing with a person who basically, in other words, possession under state law is not inherently a crime. Now certainly, under federal law, as I've been questioned here, it is against the law to possess any amount of marijuana. Yeah, but you got convicted. Yes, ma'am. In Alaska. Yes, ma'am. And what I submit to you is just when you look at the overall fairness and I think the impact of what occurred here and how close it is in terms of what makes it a crime under state law, which creates a conviction, simply walking out of your house with it, not even necessarily being intoxicated at the time with it or even having used it at the time, just merely walking outside your house makes it a crime. I think that this does not show an inherent nature to commit another crime. Well, are we supposed to judge this under state law standards or are we sitting as a federal court in determining how something should be treated for a federal sentence? Your Honor, we're certainly sitting as a federal court to make this determination. But what I would ask you to consider is when you look at the offenses that are set out that do not count, and if you weigh them in accordance with this particular offense in Alaska, given I guess the comfortability of people with the fact that generally speaking, if there's going to be any trouble with marijuana, it's going to be state. And so it's not a situation where there is an inherent wrong with this possession. And so I submit to you that if we look at the fact that this offense more likely than not does not demonstrate that this person is likely to reoffend, to commit another crime, to break the law, then I would submit to you that it should not count under a criminal history point. And if that didn't happen, then Mr. Gillum would serve far less than ten years in jail. He'd be eligible for the safety valve. I think we understand your position. Thank you. Those are the two arguments that I wanted to focus on today, and I appreciate your time. Thank you. Thank you. Thank you. Good morning. I'm Kim Sayers Faye, and I represent the United States. Mr. Gillum sold enough crack on two occasions to subject himself to the ten-year mandatory minimum. His best option was and always has been to cooperate with the government to render substantial assistance to get out from under that ten-year mandatory minimum. Instead, he's chosen a different path, which is, frankly, to make allegations of error that run headlong into the plain language of the statute, into controlling Supreme Court or Ninth Circuit cases, or into the Supremacy Clause, or all three. There simply is no light at the end of the tunnel for him that can come from this court. If there is going to be any light at the end of the tunnel in terms of reprieve from the mandatory minimum, that has to come from the halls of Congress. There is simply nothing wrong with the application of the law in this circumstance. The defendant is focused on the use of the set-aside conviction in calculating the criminal history. In Hernandez-Castro, this court made it incredibly clear that one must calculate the criminal history points according to the guidelines. The guidelines are not advisory for that purpose, in part because the safety valve is statutory, of course. And then Hayden, a decision from this court, gives further guidance on how you have to figure out whether a set-aside conviction, in fact, must be counted. And it's very clear that the inquiry is whether that set-aside conviction is expunged for all purposes or whether it affords some lesser relief. So my adversary's point that in Alaska a set-aside conviction cannot be used for many purposes is beside the point. The issue is, can it be used for any purpose? On that point, you look to the Alaska Supreme Court's decision in Jurnee, where it could not have been more clear. A set-aside conviction in Alaska is not an expungement. And the Alaska Supreme Court rendered that judgment knowing and explicitly noting the implications of that determination on the federal sentencing guidelines. So there is simply no way that one could disregard Hayden, disregard Jurnee, and disregard the set-aside conviction in this case. Nor could one disregard defendant's marijuana conviction. Alaska simply is not Amsterdam. It is not legal here to smoke marijuana. Federal law, of course, applies in every state in the Union. We are in the Union. Moreover, as Judge Schroeder pointed out, he was convicted of possessing marijuana. And I would point out, he wasn't outside of his own house. Even it's in the record that he was outside of someone else's house. But the point really is he was convicted of possessing marijuana. And more and moreover, unlike Amsterdam, we are not our own country. We are part of the Union, and federal laws apply here as well. And there is absolutely no way under the Supreme Court's decision in Gonzales v. Rice, which, of course, the Supreme Court held that the Controlled Substances Act, the federal law, precluded the state California's compassionate use of medical marijuana. We're quite familiar with that. Definitely been there. I appreciate that. Explain this to me. He got a 120-month sentence. That's correct. Which is the mandatory minimum for what? For 50 or more possession, distribution, or manufacture of 50 or more grams of crack cocaine. Now, he's challenging, okay, he's challenging the two criminal history points that were added. That's correct. What effect did they have on the sentences? An important effect, because but for the obligation to count those criminal history points, he would have been eligible for safety valve relief. That's right. And we did not hide the ball on that in any sense. He went through several attorneys. And as to each one of them, I let them know that I believed that we had their client over a barrel, and he had but one way out, and that was cooperation. His attorney is very talented oratorically. I just wish that those talents had been directed on a different course, and we might have a different outcome. They may have been. They may have been. They may have been. But that is the only course that I could see for this particular defendant to get out from under the mandatory minimum that applied. Could he get safety valve even? I mean, if the position he has taken with regard to cooperating with the government persisted, I'm not even sure safety valve is going to be there for him in the long run, although it is a different question. Right. Understood. Thank you, Your Honor. Thank you. Thank you. I would say that, and I submit to you that not every criminal defendant will, you know, put their family in jeopardy to assist the government, and that certainly is an important aspect that some people have to take into consideration. When they make the decision whether to just come forward and assist the government, and plus oftentimes in terms of the limitation on what the government wants you to do, many times there's just no limit to what they want you to do. Ultimately, it's a real probability that your assistance comes to light, and then, of course, as you go down the river to serve time, your family is left behind to deal with whatever they have to deal with based on that. And so there are some criminal defendants who, you know, have to take that into consideration. But at the same time, on either one of these issues that we've argued, if Mr. Gillum was to prevail on either one of them, he would be eligible for the safety valve, and of course debriefing to the government and telling them everything you know about the offense and everything else you know because when you get into those debriefings in reality, you know, the questions oftentimes have nothing to do with the particular crime but whatever other things you know. And so they certainly get everything out of that that they can't. And obviously Mr. Gillum was prepared to do that because that's done in confidence and you don't have to worry about going out and trying to make sales and things like that or do things that may be public. What I would say also in the time that I have left in focusing even on the Hayden case, a lot of the problems that were there in the Hayden case are not here as it relates to Mr. Gillum. Under Alaska law, that suspended position of sentence, which involves actual, actually you don't really get sentenced under the law per se. If you successfully prevail in terms of probation and doing the things you're supposed to be doing, the case goes away. And that is, I submit to you, is different than some of the cases that I've reviewed in preparation for standing before you today where while there is the term set-asides and things of that nature, those offenses such as in Hayden still carry with them the possibility of being used as prior convictions. And that's one of the most distinguishing factors about an NSIS under Alaska law. Thank you for the time and your consideration in this matter. Thank you. The case just argued is submitted for decision.
judges: Schroeder, O'scannlain, Clifton